IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY W. STEELE, ) | |
| ID # 4227-15, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:16-CV-359-L-BH |
| ) | |
| JOHNNY BROWN, Sheriff, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

**I. BACKGROUND**

Tommy W. Steele (Plaintiff) brings suit under 42 U.S.C. § 1983 against Johnny Brown, the Sheriff of Ellis County, Texas (Defendant) in his individual and official capacities. (doc. 3 at 3;[1] doc. 10 at 1.[2]) Plaintiff claims that between January 31, 2013, and April 26, 2013, while he was incarcerated in the Wayne McCullom Detention Center, Defendant and/or his delegate opened and read legal mail between Plaintiff and his attorney. (*Id.* at 4; doc. 10 at 1-2.) He claims that he discovered this when he obtained a copy of the mail log, but he does not specify the date that he obtained the mail log. (doc. 3 at 4.) On October 20, 2016, Plaintiff sought and was granted leave to supplement his pleadings with an allegation that a detention officer opened his legal mail on October 19, 2016. (*See* docs. 14, 15.) Plaintiff seeks monetary damages and a regulated mail system handled by the U.S. Postal employees. (doc. 10 at 5.) No process has been issued in this case.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II.  PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted.  *Id.*

## III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983.  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color

of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.     Statute of Limitations**

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable

3

person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff alleges that his legal mail was opened and read between January 31, 2013, and April 26, 2013. (*See* doc. 3 at 4; doc. 10 at 1-2.) His claims regarding the reading of his mail accrued on April 26, 2013, when he had a complete and present cause of action. Plaintiff's initial complaint, mailed on February 1, 2016, was filed well over two years later.[3] His claims are therefore time-barred in the absence of equitable tolling.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

"Under Texas law, the 'discovery rule' provides a 'very limited exception to statutes of limitations.'" *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (citations omitted). "While accrual of a Texas personal injury action generally occurs when 'a wrongful act causes an injury, regardless of when the plaintiff learns of that injury,' the

---

[3] Under the prison mailbox rule, a civil action filed by a prisoner is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995).

'judicially-crafted' discovery rule defers accrual of the cause of action if 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Id.*, citing *Childs v. Haussecker*, 974 S.W.2d 31, 36–37 (Tex.1998).

Here, Plaintiff claims that he learned that his mail had been opened when he obtained a copy of his mail log, but he did not specify the date that he obtained the mail log. (doc. 3 at 4.) The nature of his alleged injury, i.e., opening of his legal mail, was not inherently undiscoverable, however. Nor does he allege facts demonstrating that he diligently pursued his claims based on the alleged opening and reading of his legal mail between January 1, 2013, and April 26, 2013. The Fifth Circuit has stated that equitable tolling is appropriate in cases where a plaintiff is either actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Plaintiff has alleged no facts to support equitable tolling on this, or any other, basis. His claims based on the alleged opening and reading of his legal mail between January 1, 2013, and April 26, 2013, should be dismissed as time-barred.

**B.      No Constitutional Violation**

Plaintiff also subsequently alleged that his legal mail was opened and read on October 19, 2016, after he filed his initial complaint on February 1, 2016. Regardless of whether any portion of his claims are time-barred, he has failed to state a constitutional violation.

Plaintiff's claims that his legal mail was opened and read implicate his constitutional rights of access to the courts and free speech under the First Amendment. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993); *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir.1993). Prisoners have a constitutionally recognized right to access to the courts. *Bounds v. Smith*, 430 U.S.

817, 821 (1977).[4] To state a claim for denial of access to the courts, Plaintiff must allege that his position as a litigant was prejudiced. *Walker*, 4 F.3d at 413 (citing *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992)); *Jones v. Mail Room Staff*, 74 Fed. App'x 418, 419 (5th Cir. 2003) (citing *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996)); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). Prisoners also have a right to free speech, although the "precise contours" of that right are not clear. *Brewer*, 3 F.3d at 821. With regard to any free speech claim, jails have a legitimate security interest in opening and inspecting mail for contraband. *Walker*, 4 F.3d at 413 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413–414 (1989); *Jones*, 74 Fed. App'x at 419.

Here, Plaintiff does not allege that his position as a litigant was prejudiced in any way as a result of the opening and reading of his legal mail. Because he has only asserted that his legal mail was opened and read outside of his presence and without his consent, he has failed to state a cognizable constitutional claim under the First Amendment for denial of access to the courts or for denial of free speech. *See Walker*, 4 F.3d at 413; *Brewer*, 3 F.3d at 825; *Jones*, 74 Fed. App'x at 419; *see also Lohman v. Ellis County Jail*, No. 3:12-CV-5285-P, 2013 WL 1148603, at *2–3 (N.D.Tex. Mar. 4, 2013) (finding no constitutional violation based on allegation that an officer at the Ellis County Jail opened the plaintiff's legal mail).[5]

---

[4] *See also Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)).

[5] Plaintiff claims that Defendant violated his rights under the Sixth Amendment. (doc. 10 at 1.) It provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district

## V. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**SO RECOMMENDED this 8th day of February, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. CONST. Amend VI. None of the facts alleged by Plaintiff relate to any of the clauses of the Sixth Amendment, so he has failed to state a claim under this Amendment.